**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON**

**CIVIL ACTION NO. 04-255-DLB**

**PROGRESSIVE NORTHERN INS. CO.**                                                    **PLAINTIFF**


**VS.**                          **MEMORANDUM OPINION & ORDER**


**ROBIN CONNER and**
**KENTUCKY FARM BUREAU INS. CO.**                                        **DEFENDANTS**


**********************

Plaintiff commenced this declaratory judgment action, seeking a determination regarding the priority of competing underinsured motorist (UIM) policies.  Defendant Robin Conner filed a counterclaim, alleging: 1) that Plaintiff Progressive Northern's UIM coverage is primary, and 2) bad faith.[1]  Conner also filed a cross claim against Kentucky Farm Bureau for any benefits that she would be entitled to once Progressive Northern's UIM limits are exhausted.  The Court's jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, and Kentucky law controls.

This matter is presently before the Court upon Defendant Kentucky Farm Bureau's motion regarding coverage.  (Doc. #13).  Plaintiff filed a response (Doc. #14), and the time for filing a reply having expired, the motion is now ripe for adjudication.

Also before the Court is Defendant Robin Conner's motion to hold any decision regarding priority of coverage in abeyance, and refer the matter to arbitration for a

---

[1]Conner has failed to indicate whether her bad faith claim is based upon common law or statute.

1

determination of appropriate damages.  (Doc. #15).  Plaintiff filed a response (Doc. #18), and the time for filing a reply having expired, this motion is also ripe for the Court's review.

## I.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

This case arises out of an automobile accident that occurred on May 23, 2004. Defendant Robin Conner was riding as a passenger on a motorcycle driven by Curtis Graley, when Graley collided with a vehicle driven by Tiffany Ward, and owned by Patricia Ward.  The accident occurred on Route 8 in Campbell County, Kentucky.  Graley died as a result of the injuries he sustained.  Conner survived, but was seriously injured.  Her injuries included a broken leg, fractured ankle, multiple cuts, abrasions, and contusions, and a deep laceration on her thigh.  To date, Conner has incurred approximately $20,000 in medical expenses, and lost $5,500 in wages.  She also anticipates future medical expenses totaling approximately $9,000.

At the time of the accident, Graley was insured under a policy issued by Plaintiff Progressive Northern, Ward was insured under a policy issued by Allstate, and Conner was insured under a policy issued by Defendant Kentucky Farm Bureau.  There is no dispute that the accident that killed Mr. Graley, and seriously injured Ms. Conner, was caused by the negligence of Ms. Ward.  It is also undisputed that Allstate tendered its liability limits of $25,000 to settle Conner's personal injury claim against Ward.

The present dispute concerns Conner's claim for UIM benefits.  Conner has presented claims to Progressive Northern (Mr. Graley's insurer), as well as Kentucky Farm Bureau (her own insurer).  The Progressive Northern policy contains UIM limits of $25,000 per person and $100,000 per accident; and the Kentucky Farm Bureau policy contains UIM limits of $100,000 per person and $300,000 per accident.  More importantly, both policies

2

contain "other insurance" clauses with respect to UIM coverage. The Progressive Northern policy states:

> If there is other applicable uninsured or underinsured motorist coverage, we will pay only our share of the damages. Our share is the proportion that our Limit of Liability bears to the total of all available coverage limits. However, *any insurance we provide shall be excess over any other uninsured or underinsured motorist coverage, except for bodily injury to you*[2] *or a relative*[3] *when occupying a covered vehicle.*[4]

(Emphasis added). Conner qualifies as an "insured person" for UIM purposes under the Progressive Northern policy, which defines that term to include "any person occupying a covered vehicle." Similarly, the Kentucky Farm Bureau policy states:

> Any insurance we provide with respect to any owned or nonowned vehicle, other than your covered auto, *shall be excess over any other similar collectible insurance or self-insurance, whether primary, excess or contingent.*

(Emphasis added). Conner is also entitled to UIM coverage under this policy, as she was the named insured. The parties do not dispute that: 1) Conner is entitled to UIM coverage under both the Progressive Northern and Kentucky Farm Bureau policies, and 2) both policies state, on their face, that any coverage is "excess."[5]

---

[2]"You" is defined in the policy as: 1) a person or persons shown as a named insured on the Declarations Page, and 2) the spouse of a named insured if residing in the same household.

[3]"Relative" is defined in the policy as "a person residing in the same household as you, and related to you by blood, marriage, or adoption, including a ward, stepchild, or foster child."

[4]The parties do not contend that this exception applies.

[5]Although not raised by any of the parties, the Court notes for the sake of completeness, that both policies contain motorcycle exclusions. For example, the Progressive Northern policy states that UIM coverage is "not provided for bodily injury sustained by any person while using or occupying ... (d) any motorcycle ...." Although motorcycle exclusions have been upheld by the Kentucky courts, *see Baxter v. Safeco Ins. Co. of Am.*, 46 S.W.3d 577 (Ky. Ct. App. 2001); *Preferred Risk Mut. Ins. Co. v. Oliver*, 551 S.W.2d 574 (Ky. 1977), the Court concludes that the exclusionary language in this case does not apply because the covered vehicle was a motorcycle

The Court is called upon to determine the priority, if any, of these competing UIM clauses.  In a relatively short (two-page) motion, Kentucky Farm Bureau argues that Progressive Northern should provide primary UIM coverage because it insured the vehicle involved in the accident.  Progressive Northern, by contrast, argues that "when two policies contain excess 'other insurance' clauses, those coverages should apply on a pro-rata basis according to the policies' respective limits of liability."  For the reasons that follow, the Court agrees with Progressive Northern.

## II.  ANALYSIS

### A.  Priority of UIM coverage

Kentucky Farm Bureau argues that "under Kentucky law, it is clear that the primary underinsured carrier [in this case] is Progressive Northern Insurance Co., the carrier of the vehicle involved in the accident ...."  In support, Kentucky Farm Bureau relies on *Hamilton Mut. Ins. Co. v. U.S. Fidelity and Guaranty Co.*, 926 S.W.2d 466 (Ky. Ct. App. 1996), and *Metcalf v. State Farm Mut. Auto Ins. Co.*, 944 S.W.2d 151 (Ky. Ct. App. 1997).  According to Kentucky Farm Bureau, *Metcalf* stands for the proposition that "the policy of insurance of the vehicle involved is [sic] the accident provide[s] primary underinsurance motorist coverage."

This Court had the occasion to confront this very issue in a case decided less than one year ago.  In *Sibley v. Progressive Max Ins. Co.*, Case No. 04-cv-117-HRW, the

---

(i.e., Graley's 2002 Harley Davidson).  If the Court concluded otherwise, Graley (the insured) would have been paying a premium for no coverage at all.

The Kentucky Farm Bureau policy (i.e., Ms. Conner's policy) also excludes UIM coverage for "bodily injury sustained by any insured ... (4) while occupying or operating a motorcycle owned by any insured."  In this case, the motorcycle was owned by Mr. Graley, who was not an "insured" under Ms. Conner's policy.  Therefore, this exclusion, by its own terms, is also inapplicable.

plaintiff was injured in a car accident.  She was covered, for UIM purposes, under the driver's policy (issued by Progressive Max) because she was an occupant of a covered vehicle, and under the terms of her husband's personal automobile insurance (issued by State Farm).  The insurers agreed that the plaintiff was an "insured" under both policies, but contested the priority of coverage.  Much like the policies at issue in this case, the policies in *Sibley* contained excess "other insurance" clauses with respect to UIM coverage. Moreover, State Farm advanced the same legal arguments that Kentucky Farm Bureau does here.

First, the court in *Sibley* rejected State Farm's argument that UIM coverage on the vehicle involved in an accident is primary, and all other applicable coverages are secondary.  In support, the court noted that "Kentucky courts have expressly held that UIM coverage, as distinct from other types of coverage, is personal to the insured and not connected to a particular vehicle."  (Memorandum Opinion, p.7).  *See Dupin v. Adkins*, 17 S.W.3d 538 (Ky. Ct. App. 2000).  For the same reason, this Court rejects Kentucky Farm Bureau's argument that Progressive Northern's UIM coverage should be construed as primary, despite unambiguous policy language to the contrary, based solely on the fact that it insured Mr. Graley's motorcycle.

The court in *Sibley* also found State Farm's reliance on, and interpretation of, the Kentucky Court of Appeals' decisions in *Hamilton Mutual* and *Metcalf* misplaced.   In *Hamilton Mutual*, 926 S.W.2d 466, the court addressed the issue of apportionment among three separate policies, all of which afforded UIM coverage.  The terms and conditions of the coverage, however, varied.  The policy covering the automobile that was involved in the accident stated that any coverage was "primary," while the other policies stipulated that

coverage was "excess."  *Id*. at 470.   The court reasoned that "[s]ince [two] policies contain[ed] excess clauses, [they were] effectively nullified and [the insurers were] deemed co-insurers with the obligation to provide pro rata coverage toward any excess amount remaining after [the primary UIM insurer] has exhausted its limits.  *Id*. citing *Hancock v. Western Casualty & Surety Co.,* 154 F. Supp. 164 (E.D. Ky. 1957).   The issue of apportionment was not before the court in *Metcalf*, 944 S.W.2d 151.

Relying primarily on the above-quoted language from *Hamilton Mutual*, the court in *Sibley* concluded that "where there are competing excess insurance clauses in the UIM context, coverage should be apportioned on a pro rata basis according to the parties' respective limits of liability."  (Memorandum Opinion, p.12).[6]  This case, which presents nearly identical factual circumstances and legal arguments, compels the same conclusion. Therefore, consistent with this Court's decision in *Sibley*, liability shall be apportioned between Plaintiff Progressive Northern Insurance Company and Defendant Kentucky Farm Bureau Insurance Company on a pro rata basis according to their respective limits of liability.[7]

### B.      Motion to compel arbitration

---

[6]The court noted that the issue of apportionment among competing UIM policies that both contain "other insurance" clauses has not yet been decided by the Supreme Court of Kentucky. (Memorandum Opinion, p.12).  Reasoning by analogy, the court also noted that "with respect to liability insurance, Kentucky courts have held that, when two policies contain excess 'other insurance' clauses, coverage should be apportioned on a pro rata basis according to the policies' respective limits of liability."  (Memorandum Opinion, p.11).  *See Aetna Ins. Co. v. State Auto. Mut. Ins. Co.*, 368 F. Supp. 1278, 1280 (W.D. Ky. 1973) (noting that proration is the majority rule); *Omni Ins. Co. v. Kentucky Farm Bureau Ins. Co.*, 999 S.W.2d 724, 728 (Ky. Ct. App. 1999).

[7]Since Progressive Northern's limits are $25,000, it is liable for 20% of Conner's loss; and since Kentucky Farm Bureau's limits are $100,000, it is liable for the remaining 80%.

On August 19, 2005, Defendant Conner filed a motion to hold any decision regarding priority of coverage in abeyance and refer the matter to arbitration "in order to establish damages properly recoverable." (Doc. #15). In support, Conner argues: 1) that she is an "insured" under the Progressive Northern and Kentucky Farm Bureau policies, and 2) both policies contain an arbitration clause. Conner also argues that if her UIM claim is submitted to arbitration, and she is awarded damages in excess of the applicable policy limits, her bad faith claim against Progressive Northern will be "clarified."[8] Progressive Northern opposes arbitration, noting that under the express terms of its policy, both the insured and the insurer must consent. (Doc. #18). It also argues that arbitration is inappropriate, as the clauses in the policies differ in material respects. (*Id*.). Finally, Progressive Northern argues that the seminal issue in the case (i.e., priority of coverage) has already been fully briefed and is ripe for adjudication, and to submit the issue to arbitration at this stage in the litigation would result in an unnecessary delay. (*Id*.). The Court agrees with Progressive Northern.

The arbitration clause in the Progressive Northern policy provides, in pertinent part:

If we and an insured person cannot agree on: 1) the legal liability of the operator or owner of an uninsured motor vehicle or underinsured motor vehicle; or 2) the amount of the damages sustained by the insured person; this may be determined by arbitration *if we and the insured person agree to arbitration* prior to the expiration of the bodily injury statute of limitations in the state in which the accident occurred.

*The arbitrators shall have no authority to award an amount in excess of the limit of liability.* The decision of the arbitrators is binding only if the amount of the award does not exceed the minimum limit of liability specified by the financial responsibility laws of the state listed on your application as your residence.

---

[8]The possibility of an arbitrator awarding Conner damages in excess of the applicable liability limits is foreclosed by the language of the policies themselves.

7

(Emphasis added).

The arbitration clause in the Kentucky Farm Bureau policy states:

> If we and an insured do not agree: 1) whether that person is legally entitled to recover damages under this Coverage Part C; or 2) as to the amount of damages; *both parties may agree to arbitration* ....
> A decision agreed to by the arbitrators will not be binding as to: 1) whether the insured is legally entitled to recover damages; and 2) the amount of damages.[9]

Even a cursory review of the policy documents in this case reveals that arbitration is merely an option available to, as opposed to a legal obligation of, the parties. This is consistent with Kentucky's version of the Uniform Arbitration Act, K.R.S. § 417.050 *et seq.*, which expressly exempts arbitration clauses in insurance contracts from those that will be deemed valid. Absent an agreement to arbitrate, the Court will not, and indeed cannot, compel arbitration in this case.

### C.   Bad faith

Defendant Conner has filed a counterclaim against Progressive Northern alleging bad faith based upon its refusal to pay her claim. As noted above, *see infra* n.1, Conner has failed to specify whether her claim is based upon the common law or statute (either the Unfair Claims Settlement Practices Act or the Consumer Protection Act). That fact, alone, is not fatal to her claim. However, for the reasons that follow, the Court concludes that Conner's counterclaim should, nevertheless, be dismissed.

It is well-established under Kentucky law that an insured must prove three elements in order to prevail against an insurance company for alleged bad faith - whether based

---

[9]A decision regarding the amount of damages is not binding only if the amount does not exceed the minimum liability for bodily injury liability specified by the Kentucky Motor Vehicle Reparations Act. If the amount exceeds that limit, either party may demand the right to a trial.

upon the common law or statute - in refusing to pay a claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). Furthermore, "an insurer is ... entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts." *Id*. As discussed above, *see infra* n.6, the Supreme Court of Kentucky has not yet addressed the issue of apportionment raised in this case. Therefore, the Court concludes that, in the absence of controlling precedent from the highest court in the Commonwealth, Progressive was entitled to challenge Conner's claim in this Court. Under these circumstances, her counterclaim for bad faith must be dismissed.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that:

(1)     Liability shall be apportioned between Plaintiff Progressive Northern Insurance Company and Defendant Kentucky Farm Bureau Insurance Company on a pro rata basis according to their respective limits of liability;

(2)     Defendant Robin Conner's motion to hold any decision regarding priority of coverage in abeyance and refer the matter to arbitration (Doc. #15) be, and hereby is, **DENIED**; and

9

(3)    Defendant Robin Conner's counterclaim against Progressive Northern be, and hereby is, **DISMISSED WITH PREJUDICE**.

This 9th day of February, 2006.



Signed By:

*David L. Bunning*

**United States District Judge**

G:\DATA\Opinions\2-04-255.wpd